LEWIS B. UNDERWOOD, ADMINISTRATOR OF THE ESTATE OF HAROLD DEAN
UNDERWOOD, DECEASED v. O. F. STAFFORD, JR., PICKETT C.
STAFFORD, ROBERT L. LENTZ, MRS. ROBERT L. LENTZ, SOUTH-
ERN EXCESS, INC., AND BARBARA C. WESTMORELAND, RECEIVER
OF SOUTHERN, EXCESS, INC.

No. 7021SC135

(Filed 25 February 1970)

1. **Appeal and Error § 57— findings to which no exception is made**

    Findings of fact to which appellant has taken no exception are binding
    on appeal.

2. **Corporations §§ 12, 13— wrongful appropriation of corporate prop-
    erty by stockholders — findings by court**

    In this action by a judgment creditor of a corporation alleging that
    stockholders and directors of the corporation committed a fraud on the
    corporation and its creditors by appropriating the corporate assets to their
    own use, the trial court on competent evidence made findings of fact
    which support its conclusions of law that there has been no wrongful or
    fraudulent conveyance, distribution or appropriation of assets of the cor-
    poration by defendants.

3. **Corporations §§ 13, 30— improper preference of creditors — suffi-
    ciency of allegations**

    In an action by a judgment creditor of a corporation against stock-
    holders of the corporation, allegations that there were no other creditors
    of the corporation whose rights have been affected by defendant stock-
    holders' wrongful appropriation of corporate assets is insufficient to allege
    a cause of action based on the theory that payments had been made to
    other creditors in which plaintiff had a right to share.

4. **Appeal and Error § 4; Corporations §§ 13, 30— theory of case
    at trial and on appeal**

    Where a case was tried upon the theory that defendant stockholders
    had wrongfully appropriated corporate assets to their own use, plaintiff
    may not on appeal urge a different theory based upon the contention that
    other creditors were improperly preferred.

5. **Corporations § 16— failure to issue stock for valuable consideration
    — lack of proof**

    In this action by a judgment creditor of a corporation against directors
    and stockholders of the corporation, there was a failure of proof of plain-
    tiff's allegation that defendants were liable to the corporation for failure
    to issue its stock for a valuable consideration or to issue any stock.

6. **Corporations § 12— sale of corporate assets to stockholders — valu-
    able consideration — sufficiency of evidence**

    In this action by a judgment creditor of a corporation against directors
    and stockholders of the corporation for wrongful appropriation of cor-
    porate assets, the evidence was sufficient to support findings by the court
    that two automobiles acquired by defendants from the corporation had

no economic value to the corporation since the unpaid balance of the payments due thereon assumed by defendants equalled or exceeded their value, and that defendants paid the corporation a fair and adequate price for corporate assets having a value to the corporation or its creditors.

APPEAL by plaintiff from *Martin, (Robert M.), S.J.*, 29 July 1969 Session of FORSYTH Superior Court.

Plaintiff originally instituted this action on 31 October 1963 against the individual defendants, alleging that in May 1963 plaintiff had recovered a judgment in the amount of $8,000.00 against Southern Excess, Inc., a corporation, and that after notice of plaintiff's claim, defendants, as officers, directors and stockholders of Southern Excess, Inc., had committed a fraud upon creditors by wrongfully appropriating to themselves all of the assets of the corporation. A trial held at the 31 October 1966 civil session of Forsyth Superior Court resulted in a judgment of involuntary nonsuit. On appeal, the North Carolina Supreme Court, without dealing with the merits, vacated the judgment and remanded the case, holding that the corporation should be made a party to the action and that the appointment of a receiver would be appropriate. *Underwood v. Stafford*, 270 N.C. 700, 155 S.E. 2d 211. The opinion of the Supreme Court contains a statement of the circumstances which gave rise to plaintiff's claim against the corporation, and these will not be restated here.

On remand to the Superior Court, the corporation, Southern Excess, Inc., was made a party defendant, a receiver was appointed for it, and the receiver was also joined as a party defendant. On 28 March 1968 plaintiff filed an amended complaint in which he repeated essentially the same allegations as contained in the original complaint, with appropriate changes to reflect the presence of the two additional defendants. The gravamen of the amended complaint, as of the original complaint, is the allegation, contained in paragraph XII of the amended complaint, to the effect that between 30 September 1960 and 1 April 1961 the defendants (presumably referring to the individual defendants) distributed and divided among themselves all of the assets of Southern Excess, Inc., and appropriated such assets to their own use, that such appropriation of assets was fraudulent as to the corporation and its creditors, and that the reasonable value of the assets so appropriated by the defendants exceeds the amount of plaintiff's claim. The amended complaint contained a new allegation, in paragraph XIII, that the individual defendants "are jointly and severally liable to Southern Excess, Inc. for the fraudulent distribution of its assets and the failure to issue

its stock for a valuable consideration or to issue any stock, and said assets should be recovered by the receiver of Southern Excess, Inc. and held for the use and benefit of the creditors of Southern Excess, Inc., who have claims against the same." The original complaint contained an allegation, not repeated in the amended complaint, in which plaintiff alleged on information and belief that "there are no other creditors of Southern Excess, Inc., whose rights have been adversely affected by defendants' wrongful appropriation of corporate assets."

The receiver filed answer alleging that according to information available to her the corporation was without assets with which to satisfy plaintiff's claim or to finance legal proceedings against the other defendants, but that the receiver was ready and willing to accept and administer any funds which might be recovered in this action. The individual defendants, O. F. Stafford, Jr., and Pickett C. Stafford, filed answer denying the material allegations as contained in paragraphs XII and XIII of the complaint, and in a further answer set up the statute of limitations as pleas in bar.

The parties waived jury trial and agreed that the judge might make findings of fact, conclusions of law, and enter judgment thereon. At the close of plaintiff's evidence and at the close of all the evidence defendants moved for nonsuit. These motions were overruled. The court then overruled the pleas in bar and entered judgment making detailed findings of fact, including, in substance, the following:

Southern Excess, Inc., (formerly Freeman and Stafford Insurance Agency, Inc.) is a North Carolina corporation which previously was engaged in business as an insurance agency specializing in hard-to-place risks. The corporation had formerly enjoyed some success, but in late 1960 it could no longer find any insurance company with which this type of business could be placed at rates which could be marketed successfully, and by February, 1961, it had ceased doing business. At that time it owned only certain office fixtures and furniture, two automobiles, a lot at Atlantic Beach, and a boat and trailer. The officers of the corporation had a used office furniture company make an appraisal of the office fixtures owned by the corporation and subsequently the defendant O. F. Stafford, Jr., purchased approximately one-half of these fixtures and the defendant Robert L. Lentz purchased the other one-half. Each, in April, 1961, paid to the corporation an amount which was a fair and adequate consideration for all the furniture and fixtures thus acquired.

In January, 1962, the officers and stockholders retained Charles E. Dameron, an attorney, to effect an orderly dissolution of the cor-

poration and Articles of Dissolution were prepared and filed with the Secretary of State on 6 June 1962. Notice of dissolution was published in the newspapers as required by law beginning on 11 June 1962. Mr. Dameron then took appropriate steps to ascertain what the assets of the corporation were which were available for distribution and what liabilities were to be paid from the assets. Mr. Stafford and Mr. Lentz paid into Mr. Dameron's hands $230.00 each to be used in liquidating the corporation, since no funds were in corporate hands. Also, Mr. Stafford paid into Mr. Dameron's hands $472.97 to be used to satisfy certain tax and other liabilities.

Findings of Fact Nos. 18, 19 and the first portion of No. 20 were as follows:

"(18)   Mr. Dameron, after considerable difficulty and placing of the lot with a realtor, sold the lot at Atlantic Beach for $1500.00 and this amount was used by him in the satisfaction of claims against the corporation.

(19)   Mr. Dameron advertised the boat and trailer and that was finally sold to a Dr. Grady Love in Greensboro for $350.00, which sum was used by Mr. Dameron in the satisfaction of claims against the corporation.

(20)   Southern Excess, Inc. owned title to two automobiles which had no economic value to the corporation, it having no equity therein at the time the defendants acquired them and assumed liability for the payments due thereon, which payments equaled or exceeded the value of the automobiles.

All funds received by Mr. Dameron were distributed to *bona fide* creditors and all obligations and claims against Southern Excess, Inc., of which Mr. Dameron was aware were resolved. . . ."

No exception was taken to any of the foregoing findings of fact. The court, in addition, made the following findings of fact, to all of which the plaintiff excepted:

"(13)   . . . There has been no wrongful or fraudulent distribution of corporate funds to the defendants or otherwise."

"(20)   . . . The defendants received none of the proceeds realized from the sale of the assets of Southern Excess, Inc. No one on behalf of the plaintiff made any demand upon Mr. Dameron for payment of this or any claim."

"(22)   All property of Southern Excess, Inc., which was acquired by the defendants, having value to the corporation or its

creditors was acquired by defendants as the result of a *bona fide* purchase for adequate consideration."

Upon the findings of fact and mixed findings of fact and conclusions of law, the court made the following conclusions of law, to all of which plaintiff excepted:

"(1)   There has been no wrongful distribution, appropriation or sale of assets of Southern Excess, Inc., by or among the defendants;

(2)   The defendants are not liable to the corporation or to this plaintiff, there having been no breach of any fiduciary obligation and no breach of any duty owed by the defendants to Southern Excess, Inc., or to the plaintiff;

(3)   The defendants' conduct in regard to the corporate assets of Southern Excess, Inc. has been one of fair dealing and full disclosure and as to this plaintiff, creditors of Southern Excess, Inc., and Southern Excess, Inc., itself, there has been no fraudulent appropriation of assets of the corporation by the defendants.

(4)   The property of Southern Excess, Inc., having value which was received by the defendants was received under *bona fide* sales for adequate consideration.

(5)   There has been no fraudulent conveyance distribution or appropriation of any of the assets of Southern Excess, Inc.

(6)   Neither Southern Excess, Inc., Barbara Westmoreland, as Receiver of Southern Excess, Inc., nor this plaintiff have any right of recovery from and of these defendants or any of them by reason of the matters and things alleged in the complaint in this action."

From judgment that plaintiff recover nothing of defendants and dismissing the action, plaintiff appealed.

*Alvin A. Thomas and Randolph and Randolph by Clyde C. Randolph, Jr., for plaintiff appellant.*

*Jordan, Wright, Nichols, Caffrey and Hill, by William T. Caffrey for defendants, O. F. Stafford, Jr., and Pickett C. Stafford, appellees.*

PARKER, J.

Appellant assigns as error the trial court's conclusions of law and the judgment based thereon. In this assignment we find no merit.

[1, 2] Plaintiff alleged that the stockholders and directors had committed a fraud upon the corporation and its creditors by distributing and dividing among themselves all of the corporate assets and appropriating such assets to their own use. Plaintiff's evidence failed to support this allegation. On competent evidence the trial court found the facts to be otherwise. To most of these findings appellant has taken no exception. They are conclusive on appeal. *Nationwide Homes v. Trust Co.*, 267 N.C. 528, 148 S.E. 2d 693. The court's findings of fact support the conclusions of law, which in turn support the judgment entered.

By brief and argument appellant stresses the fact that the corporate balance sheet of 30 September 1960 showed total assets of $70,617.16, of which $57,334.53 were current, and that the evidence disclosed and the judge found as a fact that by February, 1961, when the corporation had ceased doing business, only certain fixed assets remained. From this appellant argues there must have been some improper distribution of the approximately $57,000.00 of current assets. The evidence, however, is that the same balance sheet showed liabilities of $59,926.02, of which $56,754.02 were current liabilities, and that corporate assets were applied to pay corporate liabilities. There was a complete failure of proof to support plaintiff's allegation that corporate assets were improperly distributed among the stockholders. The only corporate assets which, so far as the evidence disclosed, were transferred to the stockholders, consisted of certain office furniture and fixtures and two automobiles. The trial court found as a fact that the stockholders had paid the corporation a fair and adequate consideration for the furniture and fixtures and that the automobiles had no economic value to the corporation, since the unpaid balance of the mortgage payments due thereon assumed by the transferees equalled or exceeded their value. Appellant did not except to these findings.

[3, 4] It is true, of course, that those charged with the liquidation upon dissolution of a corporate business may not lawfully prefer one creditor or group of creditors over others in the same class. Plaintiff, however, has never alleged that the defendant stockholders and directors did this. Neither in the original complaint filed in 1963, nor in the amended complaint filed in 1968 after one trial and appeal to the Supreme Court, is there any such allegation. The allegation in the original complaint that "there are no other creditors of Southern Excess, Inc., whose rights have been adversely affected by defendants' wrongful appropriation of corporate assets," falls far short of alleging a cause of action based on the theory that payments

had been made to other creditors in which plaintiff had a right to share. Furthermore, this allegation was omitted from the amended complaint. "The plaintiff must make out his case secundum allegata, and may recover, if at all, only on the theory of the complaint. Proof without allegation and allegation without proof are equally fatal." 6 Strong, N.C. Index 2d, Pleadings, Sec. 36. This cause having been twice tried upon the theory alleged, that the defendant stockholders had wrongfully appropriated corporate assets to their own use, the appellant may not now on this appeal urge a different theory based upon the contention that other creditors were improperly preferred. "Where a cause has been tried on one theory in the lower court, appellant will not be permitted to urge a different theory on appeal." 1 Strong, N.C. Index 2d, Appeal and Error, Sec. 4, p. 108.

[5] There was also a failure of proof of the allegation, which first appeared in paragraph XIII of the amended complaint, that the defendants were liable to the corporation for "the failure to issue its stock for a valuable consideration or to issue any stock." The evidence indicates that the present defendant stockholders acquired their stock in Southern Excess, Inc., by purchase from earlier stockholders. The corporation was previously named Freeman and Stafford Insurance Agency, Inc., and the evidence indicates the corporation had a tax loss carry over at the time the present stockholders acquired their stock and took control of its operations. However, no evidence was offered to support plaintiff's allegation that there had been a failure to issue stock for a valuable consideration or to issue any stock.

Appellant's assignments of error 2 through 6 inclusive are directed to the trial court's rulings excluding certain proffered testimony. We have examined all of these carefully and are of the opinion that none of the excluded testimony bore with sufficient materiality upon any issue in this case as to make the court's action in excluding it prejudicial to the appellant. These assignments of error are overruled.

[6] Appellant assigns as error the finding of fact made by the trial court that the two automobiles acquired by the defendants had no economic value to the corporation at the time defendants acquired them, contending there was no competent evidence to support this finding. In our opinion there was sufficient competent evidence to support this finding. In addition, appellant made no exception to this finding, and in the absence of any exception, this finding of fact is binding on appeal. *Nationwide Homes v. Trust Co., supra.* Appellant did except to and assign as error the finding of fact that "[a]ll

property of the corporation which was acquired by the defendants, having value to the corporation or its creditors was acquired by defendants as a result of a *bona fide* purchase for adequate consideration." This finding was clearly supported by competent evidence, and the assignment of error directed to this finding is overruled.

Appellant's final assignment of error is directed to the trial court's refusal to make certain findings of fact as proposed by the plaintiff. We have examined all of these and are of the opinion that the proposed findings were not determinative of any issue in the case or were adequately covered by findings of fact which the court did make. This assignment of error is also overruled.

The judgment appealed from is

Affirmed.

CAMPBELL and HEDRICK, JJ., concur.